IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00169-MR

| | |
|---|---|
| **JIMMY DANIEL RAYBON,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **LARRY WILLIAMSON, et al.,** | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] He asserts violations of the First, Eighth, and Fourteenth Amendments of the U.S. Constitution, and the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301 et seq.[2] He names as Defendants in their individual and official capacities: Larry Williamson, the

---

[1] The Plaintiff is presently incarcerated at the Pamlico Correctional Institution.

[2] Formerly cited as 42 U.S.C. §§ 15601, et seq.

North Carolina Department of Public Safety (NCDPS) western region assistant director; FNU Hernandez, the retired superintendent of Alexander CI; Tass Jansen, a correctional officer and the furniture plant supervisor at Alexander CI; FNU Hice, a case manager at Alexander CI; and FNU Powell, Alexander CI's PREA investigator. He claims that the Defendants have caused him to suffer physical and emotional injuries, for which he seeks a declaratory judgment, compensatory and punitive damages, court costs, injunctive relief, and any other relief the Court deems just and proper. [Doc. 1 at 23-24].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

2

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[3]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Complaint contains allegations regarding individuals who are not named as defendants. [See, e.g., Doc. 1 at 14-16, 23 (referring to Ms. Marshall, Officers Allen and Gunn, Sergeant Setzer, and an unnamed nurse)]. These claims cannot proceed. See generally Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all parties); see, e.g., Shine v.

---

[3] The claims have been liberally construed, restated and renumbered. Any claim or argument not specifically addressed in this Order has been considered and rejected.

3

Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). Further, some of the Plaintiff's claims are too vague and conclusory for the Court to attribute them to any Defendant(s). [See, e.g., Doc. 1 at 13, 17 (referring to "Furniture Plant and medium custody supervisors" and "staff")]. Accordingly, these claims are dismissed without prejudice.

The Complaint refers to incidents that allegedly involved other inmates [Doc. 1 at 13], and the Plaintiff seeks relief on behalf of a family member [id. at 24]. As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

4

Therefore, to the extent that the Plaintiff has attempted to assert claims on behalf of others, they are dismissed with prejudice.

The Plaintiff also purports to sue the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims for damages against the Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

### B. Retaliation

The Plaintiff claims that Defendants Hice and Jansen threatened him with adverse action for voicing grievances, and implemented those threats by firing him from his furniture plant job, having his personal property damaged and destroyed, and moving him to the dangerous close custody

5

unit, where he was stabbed and sexually assaulted by another inmate. [Doc. 1 at 14-16, 21]. The Plaintiff claims that Defendant Jansen ultimately had the Plaintiff transferred to a distant prison (Pamlico CI) because the Plaintiff had "made him mad." [Id. at 19]. The Plaintiff further claims that Defendant Williamson knew about a pattern of "intimidation and retaliation by his subordinates" and failed to act. [Id. at 21].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citation omitted). Once the prisoner-plaintiff shows that his "protected conduct was a substantial motivating factor in a prison guard's decision to take adverse action," the burden then shifts to the defendant to prove a permissible basis for taking that action. Id. at 300. Bare

or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

A supervisor may be liable for the actions of a subordinate if: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Taking the allegations as true for the purposes of initial review, and construing the inferences in the Plaintiff's favor, the Court concludes that the Plaintiff has stated a retaliation claim against Defendants Hice and Jansen, and against Defendant Williamson on a supervisory theory. These claims have passed initial review.

## C. Failure to Protect

The Plaintiff claims that Defendants Hice and Jansen transferred him to the close custody unit where a "known predator" stabbed and sexually assaulted him [Doc. 1 at 17, 21]; that Defendants Williamson, Hernandez, Hice, and Powell failed to transfer the Plaintiff to another prison after the assault so that the Plaintiff would feel safer [id. at 19, 22]; and that the assault resulted from Defendant Williamson's failure to adequately supervise his subordinates [id. at 21].

The Eighth Amendment imposes on prison officials a duty to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Id. A prison official is deliberately indifferent to a substantial risk of harm to a prisoner when that official is both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm

8

exists, and he must also draw the inference…." Id. 837. A prison official's subjective actual knowledge can be proven by circumstantial evidence; direct evidence of actual knowledge is not required. Id. at 842. A prison official is not liable if he knew the underlying facts but believed, even if unsoundly, that the risk to which the facts gave rise was insubstantial or nonexistent. Id. Further, a showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

The Plaintiff's general allegations that close custody is dangerous, that a predatory inmate was housed there, and that the Plaintiff should have been transferred after the assault so that he would feel safer, are too speculative to plausibly allege that the Defendants were subjectively aware of a sufficiently substantial danger, and deliberately failed to prevent it. See, e.g., Contreras v. Collins, 50 F. App'x 351 (9th Cir. 2002) (affirming dismissal of failure to protect claim on initial review where the plaintiff's fears from being assaulted were speculative and failed to rise to the level of a substantial risk). Accordingly, the Plaintiff's claims that the Defendants failed to protect him from harm are dismissed without prejudice.

## D. Due Process

The Plaintiff claims that various Defendants denied him due process with regard to classification and housing, his prison job, grievances, and investigations.[4]

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to

---

[4] The Plaintiff does not appear to assert a due process claim for damage to his personal property that is allegedly attributable to Defendants Hice and Jansen's retaliation. [See Doc. 1 at 15]. Were he to assert such a claim, it would be dismissed because he has an adequate post-deprivation remedy for any such loss under North Carolina law. See Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act).

be held in a specific security classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.' ") (quoting Hewitt, 459 U.S. at 468).

With regard to classification and housing, the Plaintiff claims that Defendants Hice and Jansen placed him in close custody between June 16, and July 30, 2021 where he could not work, had less time out of the cell, and had no access to a microwave or cleaning supplies [Doc. 1 at 15, 19-22]; that he was placed in restrictive housing for a week after he was involved in

an assault[5] [id. at 19]; and that when he was finally transferred to another prison, Defendant Jansen made sure it was far away[6] [id.]. Here, the Plaintiff has failed to plausibly allege that his relatively short tenure in close custody or restrictive housing, or transfer to another prison, imposed an atypical and significant hardship requiring due process. See Gaston, 946 F.2d at 343; Slezak, 21 F.3d at 594.

Next, the Plaintiff alleges that Defendants Hice and Jansen fired him from his prison job without due process. [Doc. 1 at 22]. A prisoner does not have "a constitutionally protected liberty or property interest in his prison job, thus he cannot claim his termination was without due process." Backus v. Ward, 151 F.3d 1028 (4th Cir. 1998) (unpublished); see Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) ("an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest") Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989) (there is no right to prison employment or a particular prison job); Ayers v. Campbell, 267 F. App'x 176, 177 (3d Cir. 2008) (due process violations are not triggered by

---

[5] The Plaintiff does not appear to attribute this move to any Defendant.

[6] The Plaintiff admits that he requested a prison transfer; his only complaint appears to be that the new prison is not to his liking. [See Doc. 1 at 19 (complaining that Defendants Williams, Hernandez, Hice, and Powell did not transfer him after the assault); Doc. 1-4 (Letter to Hernandez requesting a transfer on July 1, 2021); Doc. 1-6 (Inmate Request to Defendant Powell requesting an emergency/administrative transfer on June 23, 2021)].

12

the loss of a prison job). Accordingly, the Plaintiff's claim that he was fired from his prison job without due process fails to state a claim and is dismissed.

Finally, the Plaintiff claims that Defendant Hernandez ignored his letters and grievances [Doc. 1 at 22], and that Defendants Powell and Hernandez failed to adequately investigate the Plaintiff's allegations of staff misconduct and sexual assault, assign him a PREA support person, or pursue criminal charges against the inmate who assaulted him. [id. at 14, 18-22]. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 885 F.3d 533, 541 (4th Cir. 2017). Nor does a prisoner have any right to an investigation, to enforce the PREA, or to assert criminal charges. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); Wise v. Wilson, No. 1:15-cv-1705, 2017 WL 71656 (E.D. Va. Jan 6, 2017) (there is no constitutional right to have a PREA complaint investigated); Swanson v. Gaston Cnty. Sheriff's Office, No. 3:18-

cv-86-FDW, 2018 WL 4052168, at *8 (W.D.N.C. Aug. 24, 2018) (there is no private cause of action under the PREA); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution."). The Plaintiff had no constitutional right to engage in the grievance procedure, to have his allegations investigated, to enforce the PREA, or to assert criminal charges against the inmate who allegedly assaulted him. Accordingly, these claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### E. Equal Protection

The Plaintiff appears to claim that Defendant Powell's failure to adequately investigate his PREA allegation violated equal protection. [Doc. 1 at 22].

To establish an equal protection violation, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

The Plaintiff's general allegation that the PREA investigation was inadequate and violated equal protection is too vague and conclusory to proceed. He does not allege that he is being treated differently from similarly situated inmates, or that such resulted from purposeful discrimination. Therefore, to the extent that he attempts to state an equal protection claim, it is dismissed.

**IV.   CONCLUSION**

In sum, the Plaintiff's retaliation claim has passed initial review against Defendants Hice and Jansen, and Williamson. The claims asserted on behalf of others, and the claims for damages against the Defendants in their official capacities are dismissed with prejudice. The remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims described in this Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The retaliation claims against Defendants Hice, Jansen, and Williamson have passed initial review.

2. The claims asserted on behalf of others, and the claims for damages against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed only on the claims as provided in this Order.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: March 10, 2022

Martin Reidinger
Chief United States District Judge