IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00169-MR

| | | |
|---|---|---|
| JIMMY DANIEL RAYBON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LARRY WILLIAMSON, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 20]. A pro se Motion to Amend is also pending. [Doc. 19]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.   BACKGROUND**

The pro se Plaintiff filed this civil rights action addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Complaint passed initial review on retaliation claims pursuant to 42 U.S.C. § 1983 against Defendants FNU Hice, Tass Jansen, and Larry Williamson, and the

---

[1] The Plaintiff is presently incarcerated at the Pamlico Correctional Institution.

Plaintiff was granted the opportunity to amend.[2]  [Doc. 10].  The Amended Complaint is now before the Court for initial review.  [Doc. 20].

The Plaintiff again names Hice, Jansen and Williamson as Defendants. He additionally names: FNU Marshall, an Alexander CI case manager, and Jane Doe,[3] an Alexander CI nurse, in their individual and official capacities. He asserts violations of the First and Eighth Amendments.  [Id. at 3].  As injury, the Plaintiff claims that: he was fired from his prison job; his personal property was "trashed" and damaged; he was moved from medium custody to close custody, where he was attacked and injured by another inmate; he has persistent back pain; he had nightmares, anxiety and depression for "weeks;" and he suffered a substance abuse relapse.  [Id. at 17].  He seeks a declaratory judgment; compensatory and punitive damages; court costs and fees; injunctive relief; and any other relief the Court deems just and proper.  [Id. at 20].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to

---

[2] The pending Motion to Amend [Doc. 19] is therefore denied as moot.

[3] "NCDPS Prisons Medical Nurse" and "Unknown Nurse" in the Amended Complaint. [Doc. 20 at 12].

dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Official Capacity Claims

The Plaintiff again purports to sue Defendants, who are state officials, in their individual and official capacities. [Doc. 20 at 2-3, 12]. The Plaintiff's claims for damages against Defendants Hice, Jansen, and Williamson in their official capacities were previously dismissed with prejudice and therefore cannot be reasserted. [See Doc. 10 at 4-5, 15-16]. The official-capacity claims for damages against Defendants Marshall and the Jane Doe nurse are dismissed with prejudice for the same reasons.

### B. Retaliation

The Plaintiff again claims that Defendants Hice, Jansen, and Williamson retaliated against him. [Doc. 20 at 14-15, 17-18]. The Plaintiff's claims for retaliation against these Defendants passed initial review of the Complaint. [See Doc. 10 at 5-7]. The Amended Complaint has likewise stated a plausible retaliation claim against these Defendants and this claim survives initial review.

### C. Failure to Protect

The Plaintiff again asserts a claim for failure to protect against Defendants Williams, Jansen, and Hice, and he additionally asserts it against

Defendant Marshall. He claims that these Defendants "each … possessed enough facts and common knowledge to know without a doubt, that the close custody units are much more dangerous than the medium custody unit," and that they were "deliberately indifferent to Plaintiff's health and safety … when they wantonly and intentionally … [had] him moved to [the close custody housing] unit where they knew there existed a disproportionately greater risk of violence…." [Doc. 20 at 19]. He further claims that discovery will demonstrate that assaults "often erupted" on the close custody unit at Alexander CI whereas there were no assaults on the medium custody unit while the Plaintiff was at that facility [id.], and that an inmate whom Plaintiff believes to be a "known predator" physically assaulted the Plaintiff, and attempted to sexually assault him, the day after Plaintiff was moved to the close custody unit [id. at 15-16].

The Plaintiff's speculative allegations are insufficient to state a claim for failure to protect for the same reasons that this claim was dismissed on initial review of the Complaint. [See Doc. 10 at 8-9]. The Plaintiff's present claim for failure to protect is dismissed for the same reasons.

### D. Deliberate Indifference to a Serious Medical Need

The Plaintiff claims that his injuries from the inmate attack included abrasions and bruising throughout his body and "wounds" on his stomach,

5

back, and knee that resulted in "scarring" [Doc. 20 at 17]; that the Jane Doe nurse "screened" the Plaintiff after the attack, bandaged some of his wounds "without properly cleaning them," denied Plaintiff's request for pain medication although he was "clearly in pain," and denied his request for his chronic high blood pressure medication although his reading of "150s/90s" was "clearly high" [id. at 16-17]; that high blood pressure medication "was with-held from Plaintiff for the next several days," which resulted in "blinding headaches and blurred vision" [id.]; and that the pain and soreness from his injuries remained "intense" for a couple of weeks [id. at 17].

The Eighth Amendment encompasses a right to medical care for serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifference to a serious medical need, "the

treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer v. Brennan, 511 U.S. 825, 825 (1994). However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852. To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

The Plaintiff has failed to plausibly allege that he had a serious medical need. He vaguely describes his physical injuries as "wounds," "abrasions," and "bruising"; however, this is insufficient to establish that the injuries were objectively sufficiently serious. Moreover, according to the Plaintiff's own allegations, the nurse did not ignore his injuries. He alleges that she cleaned and bandaged his wounds. The Plaintiff's dissatisfaction with the quality of the treatment, and his disagreement with her refusal to provide pain medication, do not rise to the level of deliberate indifference. See generally Estelle, 429 U.S. at 106; Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("mere 'disagreements between an inmate and a physician over the

7

inmate's proper medical care' are not actionable absent exceptional circumstances.").

Further, the Plaintiff has not plausibly alleged that his elevated blood pressure reading was sufficiently serious. While high blood pressure can certainly constitute a serious medical need, the Plaintiff admits that he had a prescription for blood pressure medication, indicating that his chronic condition was not being ignored. See Barnes v. Bilak, 2018 WL 2289232 (D. Md. May 17, 2018) (stating that "hypertension is a serious medical need and the failure to treat the same, if done with the requisite intent, would present a colorable Eighth Amendment claim"). He has failed to explain, however, why the single reading of "150s/90s" indicated the existence of an emergency requiring immediate additional treatment by the Jane Doe nurse.[4] His disagreement with her refusal to immediately dispense blood pressure medication is insufficient to state an Eighth Amendment claim. See Scinto, 841 F.3d at 225.

To the extent that the Plaintiff complains that he did not receive his blood pressure medication for several days following the attack, and that the

---

[4] The American Heart Association defines a "hypertensive crisis" requiring immediate medical attention as a systolic number higher than 180 and/or a diastolic number higher than 120. https://www.heart.org/en/health-topics/high-blood-pressure (last accessed Oct. 17, 2022); see Fed. R. Evid. 201.

8

Case 5:21-cv-00169-MR   Document 21   Filed 11/01/22   Page 8 of 11

pain from his injuries persisted for several weeks, he has failed to allege that such was attributable to, or even known by, the Jane Doe nurse; that these conditions were sufficiently serious; or that the Jane Doe Nurse was deliberately indifferent to these conditions.

Accordingly, the Plaintiff's claims that the Jane Doe nurse was deliberately indifferent to his serious medical needs are dismissed.

### E. Relief

In addition to damages, the Plaintiff seeks declaratory and injunctive relief. The Plaintiff's claims for declaratory and injunctive relief are moot because the Plaintiff has been transferred to another prison and the conditions about which he complains appear to be unlikely to recur. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Accordingly, the Plaintiff's requests for declaratory and injunctive relief are dismissed.

## IV. CONCLUSION

In sum, the Plaintiff's retaliation claim has passed initial review against Defendants Hice, Jansen, and Williamson. The claims asserted against

9

Case 5:21-cv-00169-MR   Document 21   Filed 11/01/22   Page 9 of 11

Defendants Marshall and Jane Doe in their official capacities are dismissed with prejudice. The remaining claims are dismissed without prejudice.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Hice, Jansen, and Williamson, who are alleged to be current or former employees of NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The retaliation claims against Defendants Hice, Jansen, and Williamson have passed initial review.

2. The claims against Defendants Marshall and Jane Doe in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff's Motion to Amend [Doc. 19] is **DENIED** as moot.

5. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants FNU Hice, Tass Jansen, and Larry Williamson, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge